UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

ROBIN TELLIER,

               Petitioner,

   -against-

UNITED STATES OF AMERICA,

               Respondent.
------------------------------------X

MEMORANDUM OPINION AND ORDER

92 Cr. 869 (MGC)

APPEARANCES:

    ROBIN TELLIER
    Petitioner pro se
    FCI Allenwood Medium
    P.O. Box 2000
    White Deer, Pennsylvania 17887

**Cedarbaum, J.**

Petitioner Robin Tellier seeks to have his conviction vacated under what he calls a "Hazel-Atlas action" for fraud on the court. For the reasons that follow, his petition is denied.

Following a jury trial in 1994, Tellier was convicted of participating in a racketeering enterprise, racketeering conspiracy, robbery conspiracy, using and carrying a firearm during and in relation to a crime of violence, possession of a firearm as a convicted felon, interstate transportation of stolen property, and conspiracy to transport stolen goods interstate. He is currently serving his sentence.

After pursuing a direct appeal and filing a 28 U.S.C. § 2255 petition to vacate his conviction, Tellier filed a petition under 28 U.S.C. § 2241 challenging his sentence. Because Tellier had already challenged his conviction and sentence under § 2255, I transferred his application to the Second Circuit as a second or successive § 2255 petition requiring authorization. Tellier v. USP Canaan Warden, No. 10 Civ. 9079 (MGC) (S.D.N.Y. Dec. 20, 2010). The Second Circuit denied Tellier's application, finding that it was correctly construed as a successive § 2255 petition that failed to satisfy the standards for bringing such a petition under 28 U.S.C. § 2255(h). Tellier v. USP Canaan Warden, No. 10-5245 (2d Cir. May 9, 2011).

2

Tellier now argues that he is bringing an independent action under the "fraud on the court" doctrine articulated in Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 249-50, 64 S. Ct. 997, 88 L. Ed. 1250 (1944). He argues that the government forged a grand jury transcript of one of the government's witnesses and that the government created false grand jury indictments. These arguments are precisely the same arguments raised in Tellier's successive § 2255 petition, which the Second Circuit denied. Whatever name Tellier gives to his application, it attacks his underlying conviction and provides no new basis for changing the conclusion previously reached on the same arguments. Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002); Roccisano v. United States, No. 03 Civ. 1459 (RJW), 2003 WL 21396668, at *2 (S.D.N.Y. June 17, 2003). Accordingly, the petition is denied.

SO ORDERED.

Dated:   New York, New York
         February 28, 2013

s/_____
MIRIAM GOLDMAN CEDARBAUM
United States District Judge