USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/5/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robin Scott Tellier,

          Petitioner,

    –v–

United States of America,

          Respondent.

20-cv-422 (AJN)
92-cr-869 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Petitioner Robin Scott Tellier filed a motion pursuant to 28 U.S.C. § 2255 for the Court to vacate certain of his convictions and sentences, and conduct resentencing. For the reasons that follow, that motion is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

### A. Petitioner's convictions and sentences

    Petitioner Robin Scott Tellier was convicted by a jury in 1994 of various crimes related to his leadership of a criminal organization that operated in the tri-state area. He was sentenced to life in prison by the then-presiding judge. *See Tellier v. United States*, No. 97 CIV. 7897 (MGC), 2006 WL 2135785, at *1 (S.D.N.Y. July 31, 2006).

    Petitioner was convicted on two counts of violating the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, and received life sentences for each. Dkt. No. 452-3.[1] Count 1 was for conspiracy to violate RICO under § 1962(d) and Count 2 was for a substantive violation of the act under § 1962(c). *Id.* The jury found that Petitioner had committed all 19

---

[1] All docket citations are to case number 92-cr-869 unless otherwise noted.

predicate acts of racketeering for which he was charged, including murder, attempted murder, and robbery. Dkt. No. 452-2. The life sentences on Counts 1 and 2 were to be served concurrently. Dkt. No. 452-3.

In addition to the RICO counts, Petitioner was convicted on five counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). *Id.* For four of the § 924(c) counts, he was sentenced to terms of twenty years' imprisonment each, and for the remaining § 924(c) counts, he was sentenced to a term of six years, with the sentences on all five counts to be served consecutively. *Id.* Petitioner was also convicted of six counts of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, and was sentenced to terms of twenty years imprisonment for each count, to be served concurrently. *Id.* The Hobbs Act robbery convictions served as the predicate offenses, i.e., "crimes of violence," for the § 924(c) convictions. *Id.*

In addition, Petitioner was convicted on two counts of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1), for which he received a sentence of ten years for each. He was lastly convicted on one count of interstate transportation of stolen property in violation of 18 U.S.C. § 2314, for which he received a sentence of ten years, and for two counts of conspiracy to commit that offense in violation of 18 U.S.C. § 371, for which he received five years imprisonment. *Id.* All terms of imprisonment on these counts were to run concurrently with the life sentences imposed for the RICO counts.

### B. Prior challenges

Following a direct appeal, the Second Circuit affirmed Petitioner's conviction in 1996. *See United States v. Tellier*, 83 F.3d 578, 579 (2d Cir. 1996). The Supreme Court denied certiorari. *See Tellier v. United States*, 519 U.S. 955 (1996).

Petitioner filed his first habeas petition pursuant 28 U.S.C. § 2255 in 1997, in which he argued that he received ineffective assistance of counsel and was denied the right to a fair trial in light of prosecutorial misconduct, among other grounds. *See Tellier*, 2006 WL 2135785, at *1. The petition was denied. *Id.* Petitioner attempted to file a second habeas petition in 2010, but the Second Circuit denied his application because it did not meet the criteria set forth in 28 U.S.C. § 2255(h). *Tellier v. USP Canaan Warden*, 10-5245, Dkt. No. 13.

### C.  The instant section 2255 petition

Petitioner moved for leave to file a successive § 2255 petition on June 8, 2016. Dkt. No. 424-1, 424-2. He argued that, in light of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), his Hobbs Act robbery conspiracy convictions could no longer serve as the predicate to his § 924(c) convictions for using or carrying a firearm in relation to a crime of violence, and thus that his § 924(c) convictions must therefore be overturned. *Id.* Petitioner did not raise any other grounds in his petition or challenge any of his other convictions. *Id.* In 2019, construing the petition as invoking the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Second Circuit granted Petitioner leave to file a successive § 2255 petition in the district court. Dkt. No. 424.

On January 15, 2020, Petitioner filed the petition, which was based solely on the grounds that were raised in his application to the Second Circuit. Dkt. No. 428. The government filed an opposition on June 22, 2020. Dkt. No. 452. The Court appointed Petitioner counsel, who filed an amended petition. Dkt. No. 441, 460. In his counseled filing, Petitioner argues not only that the Court should vacate the § 924(c) convictions, but also that the Court should reconsider the Petitioner's entire aggregate sentence because, among other reasons, his life sentences on the RICO counts were in excess of the maximum punishment authorized by law and violated the *Ex*

3

*Post Facto* clause of the Constitution, and his trial counsel provided failed "to present a complete defense." Dkt. No. 460. The government filed an opposition on August 19, 2020, and Petitioner filed a reply on August 26, 2020. Dkt. Nos. 468-469.

## II. DISCUSSION

Petitioner challenges his conviction with respect to the § 924(c) counts and his sentences with respect the RICO counts. As described below, the Court agrees that his § 924(c) convictions must be vacated. However, his challenges to the RICO sentences are procedurally barred. Because vacatur of the § 924(c) counts will not affect Petitioner's sentence, the Court determines that a resentencing is inappropriate and will instead amend the judgment without a hearing to reflect the vacatur of the § 924(c) convictions. In amending the judgment, the Court also corrects certain clerical errors pursuant to Rule 36 of the Federal Rules of Criminal Procedure.

### A. Petitioner's section 924(c) convictions must be vacated

28 U.S.C. § 2255 provides that a prisoner in custody of a federal court may petition the court which imposed the sentence to "vacate, set aside or correct the sentence" on the grounds that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

As the Second Circuit held in *Barrett*, conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c) after *Davis v. United States*, 139 S. Ct. 2319 (2019). *United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019). With the Government's consent, Petitioner's § 924(c) convictions are therefore vacated.

### B. Petitioner's challenges to his RICO convictions are procedurally barred

4

In addition to Petitioner's *Davis* claim, Petitioner also challenges his life sentences on his RICO convictions (Counts 1 and 2). Dkt. No. 460. He makes two arguments. First, that the life sentences exceed the statutory maximum and thus were "in excess of the maximum authorized by law." *Id.* (quoting 28 U.S.C. § 2255). Second, that the life sentences violate the *Ex Post Facto* clause, and thus were "imposed in violation of the Constitution." *Id.* The Court is barred from addressing the merits of these claims for the following reasons: (1) they are second and successive claims that do not satisfy the requirements of § 2255(h), (2) Petitioner procedurally defaulted on these claims and has not demonstrated cause and prejudice or actual innocence, and (3) the claims are untimely.

### 1. Section 2255(h) requirements

If a prisoner wants to file a "second or successive" § 2255 petition, the prisoner must first submit an application in the appropriate court of appeals for leave to file the petition. 28 U.S.C. § 2255(h). The court of appeals must certify that a second or successive motion "contain[s] (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

The Second Circuit granted Petitioner's application for certification, but it is undisputed that Petitioner did not raise any arguments related to his RICO convictions in the application. Moreover, it is undisputed that his RICO claims do not involve a "new rule of constitutional law" or "newly discovered evidence" under § 2255(h). Nonetheless, Petitioner argues that so

5

long as one of his claims satisfies the § 2255(h) standard—as his *Davis* claim does—he may then include additional claims regardless of whether they comply with the requirements of § 2255(h).

Petitioner is in part correct. While he is permitted to file these claims in his petition, the district court may not adjudicate the merits of any claim unless it first determines that the claim satisfies the criteria of § 2255(h).

Pursuant to § 2255 and § 2244 a petitioner only needs one claim to satisfy § 2255(h) in order to get over the certification hurdle. Section 2255 requires that an application to file a second or successive petition be certified by the court of appeals "as provided in section 2244." 28 U.S.C. § 2255(h). Section 2244 requires that the court of appeals can only grant the application if the applicant "makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). For the purposes of a §2255(h) exception, "requirements" means the requirements of § 2255(h), which only mandates that a "motion contain" newly discovered evidence or a new rule of constitutional law, as described in § 2255(h). *See Massey v. United States*, 895 F.3d 248, 251 (2d Cir. 2018) (citing 28 U.S.C. § 2255(h)). Therefore, so long as it "contain[s]" one of those criteria, only one claim is necessary to achieve certification for the entire application. *Id.* At that point, the Court must grant the applicant leave to file the whole petition in the district court, and the petitioner may include claims for which the court of appeals did not certify. *See James v. United States*, No. 18 CIV. 10389, 2020 WL 3791867, at *2 (S.D.N.Y. July 7, 2020); *Acosta v. United States*, No. 1:03-CR-00011-MAT, 2019 WL 4140943, at *2 (W.D.N.Y. Sept. 2, 2019).

However, once an application to file a second or successive petition is granted, § 2244(b)(4) requires that the district court "dismiss any *claim* presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the

6

claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4) (emphasis added). *See Massey*, 895 F.3d at 251 (citing § 2244(b)(3)-(4) while discussing the statutory requirements for a successive § 2255 motion). Thus, before adjudicating the merits the district court "will have the preliminary task of determining whether the claims in Petitioner's § 2255 motion—as to which [the court of appeals] have only concluded that a prima facie showing has been made as to one of those claims—satisf[ies] the threshold requirements governing successive § 2255 motions, including those set forth in 28 U.S.C. §§ 2244(a), 2244(b)(3)-(4), and 2255(h)." *Campbell v. United States*, No. 16-2017, 2021 WL 2644465, at *1 (2d Cir. Apr. 26, 2021); *see also United States v. MacDonald*, 641 F.3d 596, 615-16 (4th Cir. 2011); *In re Moore,* 830 F.3d 1268, 1271 (11th Cir. 2016); *Nevius v. McDaniel*, 104 F.3d 1120, 1121 (9th Cir. 1996).

Therefore, in cases such as this one "where the court of appeals has authorized the filing of a successive petition that may include a mix of authorized and unauthorized claims, the district court must 'examine each claim and dismiss those that are barred under . . . § 2255.'" *Jackson v. United States*, 282 F. Supp. 3d 533, 536 (N.D.N.Y. 2017). As Petitioner does not contest, his RICO-related claims do not satisfy the requirements of § 2255(h) and therefore the Court will not consider them on the merits.

### 2. Procedural default

The Court may not consider the merits of Petitioner's RICO arguments for the separate reason that they are procedurally defaulted. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either [(1)] 'cause' and actual 'prejudice,' . . . or [(2)] that he is 'actually innocent[.]" *Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). With respect to an actual innocence claim, the

Supreme Court has made clear that "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

As Petitioner does not contest, he did not raise these claims on direct review, and therefore must provide a basis for the Court to excuse his procedural default. He does not attempt to argue cause and prejudice, nor does he argue he is actually innocent of his crimes. Indeed, he admits he is "undisputedly guilty of violating RICO." Dkt. No. 469 at 9.

Petitioner instead provides two arguments for excusing his procedural default, both of which fail. First, he contends that a procedural default must be excused if a prisoner can show a "fundamental miscarriage of justice," which includes the imposition of a sentence in excess of the statutory maximum or in violation of the *Ex Post Facto* clause. *Id.* at 10. However, Petitioner's contention that he can satisfy the "fundamental miscarriage of justice" exception with anything other than a showing of "actual innocence" is precluded by binding authority. The Supreme Court has held that "fundamental miscarriage of justice," in the context of excusing a procedural default for a habeas petition, means the conviction of a person who is actually innocent. *See United States v. Olano*, 507 U.S. 725, 736 (1993); *Herrera v. Collins*, 506 U.S. 390, 404 (1993). In accordance with those precedents, the Second Circuit held in *Sweet v. Bennett* that a prisoner who did "not argue cause and prejudice" could "only avoid the consequences of his procedural default on [his] claim if he could show that he is actually innocent." 353 F.3d 135, 141-42 (2d Cir. 2003) (emphasis in original). So too must Petitioner.

Petitioner next argues that his claim fits within the actual innocence exception because he is "actually innocent of his sentence," which was imposed in excess of the statutory maximum and in violation of the *Ex Post Facto* clause. Dkt. No. 469 at 8. This argument is based on a flawed understanding of the actual innocence exception. While the Second Circuit has extended

8

the actual innocence exception to the sentencing context, it still only applies to factual innocence as opposed to legal innocence. *See Poindexter v. Nash*, 333 F.3d 372, 380-82 (2d Cir. 2003). Thus, a petitioner must demonstrate by "clear and convincing proof" that he is "actually innocent of the *conduct* on which his sentence is based." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 172 (2d Cir. 2000) (emphasis added). For example, the exception applies to cases where the prisoner claims he is innocent of "the act predicating his enhanced sentence," *Spence*, 219 F.3d at 171, or where "the purported existence of an underlying fact resulted in an increased penalty for the petitioner." *Walden v. United States*, 63 F. App'x 568, 569 (2d Cir. 2003). Here, Petitioner does not maintain his factual innocence of any conduct. Instead, he argues that the court erred in applying the 1988 version of 18 U.S.C. 1963(a), the criminal penalty provision of RICO, in determining his sentence. That is a quintessential legal argument and cannot provide the basis for actual innocence claim.

Therefore, because he has not demonstrated cause and prejudice or actual innocence, Petitioner's RICO-related claims are procedurally defaulted.

### 3. Timeliness

Additionally, Petitioner's claims are barred as untimely. Section 2255 requires that "habeas petitions must be brought in a timely fashion" and imposes "a one-year statute of limitations on motions to set aside sentences imposed . . . 'in violation of the Constitution or laws of the United States.'" *Musa v. United States*, 502 F. Supp. 3d 803, 815 (S.D.N.Y. 2020) (citing *United States v. Wright*, 945 F.3d 677, 683 (2d Cir. 2019); 28 U.S.C. § 2255(a), (f)). It is undisputed that Petitioner's RICO related claims are untimely, but as Petitioner points out, there is an exception for "a petitioner who satisfies the Supreme Court's actual-innocence standard," in which case he may "have his substantive claims heard on the merits, notwithstanding an

otherwise unexcused delay in filing his habeas petition." *Rivas v. Fischer*, 687 F.3d 514, 540 (2d Cir. 2012). For the reasons stated above, however, he has not met the requirements of the actual innocence exception. His RICO related claims are therefore barred by the statute of limitations in § 2255(f).

### C. Resentencing is inappropriate

If, after considering the merits of the petition, the district court determines that the prisoner's judgment or sentence is open to collateral attack, then "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Petitioner argues, even if the Court cannot entertain Petitioner's arguments related to his RICO sentences, the Court nonetheless has the power under § 2255(b) to resentence Petitioner on these counts after vacating the § 924(c) conviction.

That provision is not as broad as Petitioner contends. It is true that, in certain circumstances, a successful collateral attack on one conviction may require resentencing for another. Congress has barred courts from "modify[ing] a term of imprisonment once it has been imposed," except in certain circumstances, including where "expressly permitted by statute." 18 U.S.C. § 3582(c). Section 2255 is one such statute, which confers the authority to "resentence" a prisoner or "correct the sentence as may appear appropriate." 28 U.S.C. § 2255(a), (b). The Second Circuit has noted that this language confers upon the district court "broad and flexible remedial authority, having 'vacate[d] and set the judgment aside,' to resentence a defendant and correct the sentence as appropriate." *United States v. Gordils*, 117 F.3d 99, 103 (2d Cir. 1997). Specifically, the Second Circuit held in *Gordils* that § 2255 gives district courts the power, after vacating a § 924(c) conviction, to a full resentencing "at least" where the defendant's sentences

on his various convictions are "truly interdependent." *Gordils*, 117 F.3d at 104; *see also United States v. Triestman,* 178 F.3d 624, 630 (2d Cir. 1999).

The Second Circuit's precedents demonstrate that a sentencing package is "truly interdependent" when inclusion of the subsequently vacated conviction affected the petitioner's guidelines range calculation. In both *Gordils* and *Triestman*, the sentencing courts were precluded from adding points to the defendants' base offense levels for a possession of a firearm because that conduct was already punished thought the § 924(c) convictions. *Gordils*, 117 F.3d at 100; *Triestman*, 178 F.3d at 626. For that reason, the Second Circuit determined that the district court had the "the power to resentence [the defendant] to the overall term that he would have received on his interdependent sentencing package absent his unlawful § 924(c) conviction." *Triestman*, 178 F.3d at 630. Similarly, in *United States v. Pizzuti*, after the district court vacated the defendant's § 924(c) conviction in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), the court decided to revisit his entire sentence because, at sentencing, the court had not included a five-level enhancement for brandishing a firearm because that was the conduct was the basis of his § 924(c) conviction. *See* 843 F. App'x 383, 384 (2d Cir. 2021).

As Petitioner does not contest, his § 924(c) convictions did not affect the guidelines range imposed for the other counts, and he does not explain how the § 924(c) conviction otherwise affected his overall sentencing package. Therefore, the Court does not have authority under § 2255 to resentence petitioner on his remaining, unrelated convictions, including his two life sentences on the RICO convictions. That means the vacatur of the § 924(c) convictions will not have any effect on Petitioner's aggregate sentence. Under these circumstances, courts in this district have held that resentencing is not necessary after a successful collateral attack of the conviction and the court may instead amend the judgment without a hearing. *See United States*

11

*v. Pena*, No. 09 CR 341(VM), 2020 WL 7408992, at *6 (S.D.N.Y. Dec. 17, 2020); *Ayyad v. United States*, No. 16-CV-4346 (LAK), 2020 WL 5018163, at *2 (S.D.N.Y. Aug. 24, 2020); *United States v. Torres,* No. 06 CR. 987-07 (DC), 2014 WL 12727208, at *1 (S.D.N.Y. Jan. 13, 2014); *see also United States v. Powers*, 842 F.3d 177, 180 (2d Cir. 2016) (holding on direct review that resentencing is not require if "a district court's amending its judgment of conviction is, by force of law, 'strictly ministerial.'"). This accords with the Court's power to "entertain and determine [a § 2255] motion without requiring the production of the prisoner at the hearing." 28 U.S.C.A. § 2255(c).

The Court will therefore vacate Petitioner's § 924(c) conviction and amend the judgment without conducting a resentencing hearing.

### D. The Court will amend the judgment to reflect the vacatur of the section 924(c) counts and to fix clerical errors

As Petitioner's § 924(c) convictions are vacated, the Court will amend the judgment accordingly. Further, the Court has identified certain clerical errors in the judgment. Specifically, for counts five, six, eight, nine, ten, twelve, eighteen, nineteen, twenty, and twenty-one, the incorrect statutory provision is listed. *See* Dkt. No. 452-3. It is apparent that these were inadvertent errors because the remaining information provided in the judgment, including descriptions of the nature of the offense, the date of the offense and the count number, all line up with the information in the indictment and in the jury verdict form from trial. *See* Dkt. No. 452-1, 452-2. The Government has provided a summary of these errors in a letter dated August 10, 2021. Dkt. No. 481.

Federal Rule of Criminal Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

Fed. R. Crim. P. 36. "[L]isting the wrong statutory citation for the offense of which the defendant was convicted" is a "clerical error" and can be corrected pursuant to Federal Rule of Criminal Procedure 36. *United States v. Jacques*, No. 20-1762, 2021 WL 3135985, at *4 (2d Cir. July 26, 2021). The Court will therefore amend the judgment to remove the § 924(c) counts and correct the errors for any remaining counts that have the incorrect statutory citations listed. Any opposition with respect to the identified clerical errors must be filed within two weeks of the amended judgment.

### III.   CONCLUSION

For the reasons stated, Petitioner's § 2255 petition is GRANTED IN PART and DENIED IN PART. Petitioner's § 924(c) counts are vacated. His remaining convictions and accompanying sentences are unaffected. This resolves Case No. 92-cr-869, Dkt. Nos. 428, 440, 443, 460 and 476, and Case No. 20-cv-422, Dkt. No. 10. The Court will enter an amended judgment reflecting the vacatur of the § 924(c) counts and fixing the identified clerical errors. Any objections to the amended judgment shall be filed within two weeks.

Because Petitioner has not made a substantial showing of the denial of a constitutional right with regard to the portions of his § 2255 motion that were denied, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. Pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this order with regard to the petition would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 5, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge